IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00039-GPG

MR. ANTHONY E. MCAFEE SR.,

    Applicant,

v.

MR. DAVID ZUPAN, Warden of Territorial Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Anthony E. McAfee Sr., is a prisoner in the custody of the Colorado Department of Corrections currently incarcerated at the Colorado Territorial Correctional Facility. Mr. McAfee initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in case 99CR4486 in the Denver County District Court. Mr. McAfee has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the Application liberally because Mr. McAfee is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Mr. McAfee concedes that he previously sought habeas corpus relief in this Court pursuant to § 2254 challenging the validity of the same state court conviction. (*See* ECF No. 1 at 6-7; *see also McAfee v. Plough*, No. 09-cv-00833-ZLW (D. Colo. April 10,

2009)).  The Court may take judicial notice of its own records and files that are part of the Court's public records.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

On August 11, 2000, following a jury trial, Mr. McAfee was found guilty of one count of vehicular homicide, two counts of leaving the scene of an accident, and one count of vehicular assault.  (*See* ECF No. 7 at 2 in *McAfee v. Plough,* No. 09-cv-00833-ZLW).  He was sentenced to an aggregate term of forty-seven years of incarceration on November 13, 2000.  (*Id.*)  On December 29, 2000, Mr. McAfee filed a direct appeal.  (*Id.*)  The conviction and sentence were affirmed on March 25, 2004, and Mr. McAfee's petition for writ of certiorari was denied on December 27, 2004.  (*Id.*)

Mr. McAfee filed a Colo. R. Crim. P. 35(c) postconviction motion on January 19, 2006.  (*Id.*)  The postconviction motion was denied by the trial court on April 18, 2006, and Mr. McAfee's petition for writ of certiorari was denied by the Colorado Supreme Court on August 4, 2008.  (*Id.*)

On April 10, 2009, Mr. McAfee filed a habeas corpus application pursuant to § 2254 in Case No. 09-cv-00833-ZLW.  The application was denied and the action was dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  (*See* ECF No. 7 in No. 09-cv-00833-ZLW).  Mr. McAfee then filed a pleading that the court construed as a Motion to Reconsider the Order of Dismissal, which it denied on July 16, 2009.  (*See* ECF No. 10 in No. 09-cv-00833-ZLW).  Mr. McAfee also filed a Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b), which the court denied on May 26, 2010.  (*See* ECF No. 14 in No. 09-cv-00833-ZLW).  Mr. McAfee appealed, and the Tenth Circuit denied Mr. McAfee's request for a certificate of appealability and remanded the case to the district court, finding that the district court did not have

jurisdiction to deny the Rule 60(b) motion, which was actually "a successive habeas petition." (*See* ECF No. 26 in No. 09-cv-00833-ZLW). On remand, the court concluded that Mr. McAfee's Rule 60(b) Motion was a successive habeas corpus action and that it lacked jurisdiction to deny the relief sought in the Motion. (*See* ECF No. 28 in 09-cv-00833-ZLW).

Mr. McAfee alleges that he filed a petition for writ of habeas corpus in state court proceedings, which the state court denied on March 18, 2014. (ECF No. 1 at 2-3). He alleges that he appealed this decision, and that the Colorado Supreme Court affirmed the denial on May 12, 2014. (*Id.* at 3)

He filed the § 2254 Application in this Court on January 6, 2015 alleging that the state courts abused their discretion and denied his constitutional rights to due process and equal protection by denying his state habeas corpus petition. (*See* ECF No. 1 at 5-6).

The Court has examined the records for No. 09-cv-00833-ZLW and finds that Mr. McAfee previously challenged the validity of the same state court conviction he challenges here. Therefore, the Court finds that the instant application is a second or successive application subject to the restrictions on filing a second or successive application in § 2244(b).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. McAfee must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See Case v. Hatch*, No. 731 F.3d 1015, 1026 (10th Cir. 2013); *see also In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). Section 2244 requires an applicant to pass through two gates. *Case*, 731 F.3d at 1026-27. If the circuit court finds that the applicant makes a *prima facie* showing that the application

satisfied the requirements of § 2244(b), the applicant may pursue a claim in district court. *Id.* The second gate requires the applicant to back up the *prima facie* showing at the district court level with actual evidence to show he can meet this standard. *Id.* Thus, gate one is at the circuit court level where a preliminary assessment occurs based on the application, and gate two is at the district court level where a record is made and a final assessment occurs. *Id.* at 1029.

However, in the absence of a Tenth Circuit order authorizing this Court to consider a second or successive habeas corpus application, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See Cline*, 531 F.3d at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. McAfee admits that he has not obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. (*See* ECF No. 1 at 7) Therefore, the Court either must dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

4

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When the claims being raised in the second or successive application clearly do not meet the statutory requirements set forth in § 2244(b)(2), "a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *See id.* at 1252.

Mr. McAfee's claims are not based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone. *See id.*

Consideration of the other relevant factors also supports this conclusion. It was clear when the instant action was filed that this Court lacks jurisdiction over his claims because his prior habeas corpus action in Case No. 09-cv-00833-ZLW challenging the validity of the same conviction was dismissed as time-barred. As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. McAfee files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed without prejudice for lack of jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  14th  day of    January    , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court