IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00039-LTB

MR. ANTHONY E. MCAFEE, SR.,

    Applicant,

v.

MR. DAVID ZUPAN, Warden of Territorial Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER

---

At issue is the *pro se* "Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)" (ECF No. 9) that Applicant filed on March 16, 2015. In the Motion, Mr. McAfee asks the Court "to reconsider its ruling, denying his motion for an extension of time to file a motion for authorization to file a second or successive habeas corpur [sic], and grant him (30) thirty days to file it in the interest of justice, and to prevent any further miscarriage of justice."

The Court must construe the Motion liberally because Mr. McAfee is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the Motion is denied.

**I. Procedural Background**

Mr. McAfee initiated this action on January 6, 2015 by filing *pro se* an Application

for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in case 99CR4486 in the Denver County District Court. On January 14, 2015, the Court dismissed the action for lack of jurisdiction because Mr. McAfee conceded that he previously sought habeas corpus relief in this Court pursuant to § 2254 challenging the validity of the same state court conviction. (*See* ECF No. 5). Thus, the Court found that the instant application was a second or successive application subject to the restrictions on filing a second or successive application in § 2244(b). The Court further advised Mr. McAfee that he must apply to the Tenth Circuit for an order authorizing this Court to consider a second or successive habeas corpus application.

Rather than file a motion for authorization to file a second or successive habeas corpus pursuant to 28 U.S.C. § 2244(b), Mr. McAfee filed a "Motion for an Extention [sic] of Time to File a Motion for Authorization to File a Second or Successive Habeas Corpus" in the United States Courts of Appeals for the Tenth Circuit on February 12, 2015. (*See* ECF No. 9-1 at 1). In response to the motion, the Office of the Clerk for the Tenth Circuit sent Mr. McAfee a letter stating that if he was "seeking an extension of time in which to appeal the district court's order" he must file that motion in the district court pursuant to Fed. R. App. P. 4(a)(5). (*Id.* at 3). The letter further advised Mr. McAfee that "the 30-day time to which you seem to refer is the time in which [the Tenth Circuit] must rule on a motion for authorization to file a second or successive habeas petition." (*Id.*).

On February 23, 2015, Mr. McAfee filed a "Motion for an Extention [sic] of Time to File a Motion for Authorization to File a Second or Successive Habeas Corpus" (ECF

No. 7) in this Court. On March 4, 2015, the Court construed the Motion as a request for an extension of time to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(5)(A) that challenged the order of dismissal, and denied the Motion for failure to demonstrate excusable neglect or good cause. (*See* ECF No. 8).

On March 16, 2015, Mr. McAfee filed a "Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)" (ECF No. 9) in this Court. In the Motion, Mr. McAfee moves the Court pursuant to Fed. R. Civ. P. 59(e) for relief from the March 4 Order denying his request for an extension of time. (*See* ECF No. 18). Rule 59(e),however, concerns the filing of a motion to alter or amend a "judgement." *See* Fed. R. Civ. P. 59(e). In the instant case, Mr. McAfee is requesting that the Court reconsider its order denying his motion for an extension of time, not the underlying judgment. Therefore, the Court will consider the Motion under the proper rule, Fed. R. Civ. P. 60(b). *See Marotta v. Cortez,* No. 08-cv-02421-CMA-CBS, 2010 WL 1258022 (D. Colo. Mar. 29, 2010 (citing *Broadway v. Norris,* 193 F.3d 987 (8th Cir.1999) (holding that a motion for "reconsideration" that is directed to a nonfinal order as opposed to a judgment, should be construed as a Rule 60(b) motion). Rule 60(b) allows a court to grant relief from an order for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud ..., misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released or discharged ...; or

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

    Accordingly, a Rule 60(b) motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). Moreover, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir. 1990). The decision to grant relief under Rule 60(b) is discretionary; and Mr. McAfee has the burden to show that exceptional circumstances exist that require the Court to amend or vacate a final judgment or order. *Servants of Paraclete,* 204 F.3d at 1009.

    Upon consideration of the Motion and the entire file, the Court finds that Mr. McAfee fails to demonstrate some reason why the Court should reconsider and vacate the March 4 order denying his request for an extension of time. In the Motion to Reconsider, Mr. McAfee states that he was "unable to obtain the forms to file a motion for authorization to file a second or successive habeas corpus from the law library at this correctional facility, so he had to write to the United States Court of Appeals for the Tenth Circuit, and request that the forms be sent to him." (ECF No. 9 at 1-2). He further asserts that he received the forms on February 4, 2015, but "due to the fact that he is a layman, and unskilled in the law, and had to obtain assistance in filling out the forms as well as it takes a few days to get into the law library to adequately prepare the forms it would have been virtually impossible for him to meet the February 15, 2015 deadline to file his motion for authorization to file a second or successive habeas

4

corpus." (*Id.* at 2). He finally asserts that this Court inadvertently misapplied the law or misunderstood Mr. McAfee's position by construing his motion for an extension of time to file a motion for authorization to file a second or successive habeas corpus as a motion for an extension of time to file a notice of appeal. (*Id.* at 3).

To the extent Mr. McAfee asks this Court to reconsider his request for an extension of time to file a motion for authorization to file a second or successive habeas corpus application, this Court does not have jurisdiction to consider this request because under 28 U.S.C. § 2244(b)(3), Mr. McAfee must obtain from the Tenth Circuit an order authorizing the district court to consider a second or successive § 2254 application and in the absence of such authorization, this Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. To the extent, Mr. McAfee requests that this Court reconsider his request for an extension of time to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(5)(A) that challenges the Court's order of dismissal for lack of jurisdiction, the Court denies this request because Mr. McAfee has not satisfied any of the grounds for relief under Fed. R. Civ. P. 60(b).

Accordingly, it is

ORDERED that Mr. McAfee's "Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)" (ECF No. 9) is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

DATED at Denver, Colorado, this __18th__ day of ____March____, 2015.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court